IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAY - 9 2013

EVELYN R. SINKLER,

    Plaintiff,

v.                                Civil Action No. 1:12-cv-642

CONSECO LIFE INSURANCE
COMPANY,

    Defendant.

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion for Summary Judgment, Plaintiff's Motion(s) for Summary Judgment, and Plaintiff's Motion for Disqualification and Sanctions. Plaintiff Evelyn Sinkler ("Plaintiff") was issued a renewable group term life insurance policy (the "Policy") by Conseco Life Insurance Company ("Defendant") in August 2001. The Policy was issued in Maryland where Plaintiff was residing at the time; she is now a resident of Virginia. Defendant is an insurance company located in Carmel, Indiana. The Policy included a Disability Income Rider (the "Rider") over which this dispute arises. The Policy's certificate of specifications page stated that the benefit amount was $1,600, and the $434.08 annual premium for the Rider was payable for a total of 20 years, but did not indicate the maximum benefit period per

1

single period of disability. On January 7, 2003, Defendant sent Plaintiff a corrected certificate specifications page which specified the two year maximum benefit period.

The Policy requires that the insured prove total disability before disability income benefits are payable by Defendant. An insured is considered totally disabled when due to injury or sickness the insured is under the regular care of a physician and unable to engage in the substantial and material duties of any occupation for wage or profit for which he or she is qualified by education, training, or prior experience. Defendant will stop paying benefits when the insured can no longer prove disability.

The Rider was priced and marketed with the two year benefit period for a single period of disability maximum. The consumer guide used in connection with the sale of the Policy states that the Policy is intended to cover all or a portion of a mortgage payment for each month the insured is totally disabled beyond a ninety day waiting period, for a maximum of two years. The actuarial description submitted to the State of Maryland for approval of the Policy indicated that the Rider included a maximum two year benefit period.

In 2003, Plaintiff filed for disability benefits under the Rider of the Policy. In December 2003, Plaintiff received a letter stating that her claim had been approved and she would

2

earn benefits monthly for a period of up to 24 months conditioned upon acceptable proof of continuous and total disability. Much of the correspondence between Plaintiff and Defendant after that time reiterated that the Policy provided up to 24 monthly benefits for a single period of disability. After two years of receiving benefits, Plaintiff was informed that her two year maximum benefit period for a single disability had expired and she would no longer receive payments. Plaintiff made several unsuccessful attempts to have her benefits reinstated. In 2010, Plaintiff again applied for disability benefits from the Defendant, her application was denied. Plaintiff challenged the denial and Defendant later approved benefits, but again terminated benefits in February 2012 when the maximum benefit period of two years was reached.

Plaintiff contends that the original certificate specifications page entitles her to disability income benefits for 20 years. Plaintiff claims Defendant wrongfully stopped paying benefits under the Policy and that it thereby breached the insurance contract, acted in bad faith, fraudulently misrepresented the terms of the Policy and violated the Maryland Unfair Trade Practices Act. In June 2012, Plaintiff filed a Complaint against CNO Financial Group, Inc., a holding company, and shortly thereafter filed an Amended Complaint. Pursuant to the August 17, 2012 Order of this Court, Plaintiff filed a

Second Amended Complaint adding Conseco Life Insurance Company as a Defendant. CNO Financial Group, Inc. was dismissed from the case in October 2012. Plaintiff's Second Amended Complaint alleges a violation of the Maryland Unfair Trade Practices Act, fraudulent misrepresentation, bad faith and breach of contract.

In November 2012, discovery began in this matter and Defendant requested all documents evidencing the alleged disability from Plaintiff. Plaintiff did not produce such evidence and has refused to sign a medical records or social security records authorization. In January 2013, Plaintiff was ordered to file full and complete responses to interrogatories and to produce requested documents. Plaintiff has failed to answer or produce documents. Defendant has been unable to determine the nature and extent of Plaintiff's disability and Plaintiff has failed to produce sufficient evidence of disability to this Court.

As to the motions for Summary Judgment, the Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006), citing Celotex Corp. v. Catrett, 477

U.S. 317, 325 (1986). That is, "[t]he moving party need not produce evidence, but simply can argue that there is an absence of evidence" by which the nonmovant can prevail at trial. Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994).

The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v.

Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

Plaintiff has not produced evidence of her disability and therefore cannot, as a threshold matter, prove that she is totally disabled under the Policy and entitled to benefits. Additionally, based on the evidence, this Court finds that the Policy contained a two year maximum benefit period. Plaintiff's argument that her disability designation by the Social Security Administration entitles her to benefits with respect to the Defendant's Policy is unavailing; what qualifies as a disability for Social Security purposes does not necessarily equate to total disability under the Policy's definition.

As to Count One, there is no private right or cause of action under the Maryland Unfair Claims Settlement Practices Act, a subtitle of the Maryland Unfair Trade Practices Act, specifically Maryland Insurance Code § 27-303. Plaintiff also suggests that the corrected certificate specifications page sent by Defendant, that included the two year maximum benefit period, is an unauthorized alteration under Maryland Insurance Code § 12-206(c), which prohibits the alteration of a written application for life or health insurance that is not made by the applicant or with the applicant's consent. Maryland Insurance Code § 12-206(c) applies to the alteration of applications and is not relevant here as Plaintiff's allegation under the

provision goes to the certificate specifications page of the Policy and not her application.

With respect to Counts Two and Three, the claims of fraudulent misrepresentation and bad faith are not supported by any evidence. Plaintiff alleges no facts that indicate bad faith is at issue or that Defendant made any false misrepresentation with the intent to defraud Plaintiff. Regarding Count Four, Defendant complied with the Policy in paying out benefits for the maximum benefit period as to each single period of disability and therefore did not breach the contract.

Plaintiff also makes rambling reference to several other provisions of the Maryland Insurance Code in discussing the provisions of the Policy. However, Plaintiff has presented no evidence to support these allegations.

Plaintiff's Motion for Disqualification and Sanctions is not supported by any evidence that Mary Gogoel is not licensed to practice law. To the contrary, Ms. Gogoel is licensed to practice law in the state of Illinois and is a member of the Hudgins Law Firm in Alexandria, Virginia. Further, Ms. Gogoel did not enter an appearance in this case, sign any pleading or represent herself as a lawyer licensed to practice in Virginia. Ms. Gogoel sat in on a deposition but did not practice law in this case.

For the foregoing reasons, Defendant's Motion for Summary Judgment should be granted, Plaintiff's Motion(s) for Summary Judgment should be denied, and Plaintiff's Motion for Disqualification and Sanctions should be denied. An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
May 9, 2013